United States District Court
for the
Southern District of Florida

| Anibal Fajardo, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) Civil Action No. 19-20797-Civ-Scola |
| | ) |
| Las 3K USA, LLC, Jairo Avellaneda, | ) |
| Defendants. | |

### Order on Motion to Strike Charging Lien

Now before the Court is the Plaintiff Anibal Fajardo's motion to strike charging lien. (ECF No. 32.) The motion is not opposed by the Defendants in this case. Instead, Fajardo's prior counsel, Ena T. Diaz and the Law Offices of Ena T. Diaz, P.A. (collectively "Diaz"), filed a response to Fajardo's motion. For the reasons set forth below, the Court **grants** Fajardo's motion to strike the charging lien (**ECF No. 32**).

1. **Relevant Factual Background**

Diaz represented Fajardo in a previous action against the Defendants, which alleged that Fajardo was owed minimum and overtime wages. *See Fajardo v. Las 3K USA, LLC*, 18-cv-21180-ALTONAGA/LOUIS. Diaz withdrew from the representation pursuant to Florida Rules of Professional Conduct 4- 1.16(a). On July 16, 2018, Diaz filed a motion to withdraw from representing Fajardo and a Notice of Charging Lien. (Case No. 18-cv-21180, ECF Nos. 43-44.) The case was dismissed without prejudice because Fajardo failed to retain new counsel or file a notice of intent to proceed pro se within the time proscribed by that Court. (Case No. 18-cv-21180, ECF Nos. 47.) About seven months later, on February 28, 2019, Fajardo filed this suit again bringing FLSA claims for unpaid minimum and overtime wages against the Defendants. (ECF No. 1.) Diaz subsequently filed a Notice of Related Action and a Notice of Charging Lien in this case to alert the Court to the previous case and to the money owed to prior counsel. (ECF Nos. 6-7.) Fajardo argues that Diaz cannot recover on the charging lien because this Court does not have ancillary jurisdiction over the matter. (ECF No. 32 at 6.) The Court agrees.

2. **The Court Lacks Jurisdiction**

Ancillary jurisdiction "rests on the premise that a federal court acquires jurisdiction of a case or controversy in its entirety." *American Federation of State, County, and Mun. Employees (AFSCME) Council 79 v. Scott*, 949 F. Supp. 2d

1239, 1243 (S.D. Fla. 2013) (Torres, J.) (quoting *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982)). It "may extend to claims having a factual and logical dependence on the 'primary lawsuit.'" *Id.* "The basis of the doctrine of ancillary jurisdiction is the practical need to protect legal rights or effectively to resolve an entire, logically entwined lawsuit." *Id.* (quoting *Peacock v. Thomas*, 516 U.S. 349, 355 (1996)).

The district courts apply a four-factor test when determining whether to exercise ancillary jurisdiction: "(1) an ancillary matter should arise from the transaction that was the basis of the principal proceeding, during the course of the principal proceedings, or as an integral part of the main proceeding; (2) the federal court should be able to determine the matter without a substantial new fact-finding proceeding; (3) failing to determine the matter should not deprive a party of any important procedural or substantive right; and (4) the matter should be decided if necessary to protect the integrity of the principal proceeding or insure that its disposition is not frustrated." *Bruton v. Carnival Corp.*, 916 F. Supp. 2d 1262, 1266 (S.D. Fla. 2012) (Torres, J.) (citing *Jenkins*, 670 F.2d at 918). Applying this formulation, Diaz fails to establish that the Court has jurisdiction.

First, Diaz's fee dispute with Fajardo is not an integral part of the main proceeding because she never appeared as counsel of record in the case, and her claims arise out of a legal relationship that was terminated prior to the litigation. *See Burton*, 916 F. Supp. 2d at 1266 (fee dispute was not an integral part of the proceeding because the lawyer's claims arose out of a legal relationship that pre-dated the litigation); *but see Montpellier Farm, Ltd. V. Crane Environmental, Inc.*, 2009 WL 722238, *4 (S.D. Fla. 2009) (O'Sullivan, J.) (the Court exercised supplemental jurisdiction over an attorney's fee dispute where prior counsel "prepared the first draft of the complaint that was ultimately filed with this Court" but never filed a notice of appearance, and distinguished a situation where counsel provided legal services "in separate state and federal actions").

Second, the court will be unable to resolve the charging lien without substantial new fact-finding on the breach of contract issue that involves a factual dispute that pre-dates the filing of this action. Third, Diaz will not be deprived of a remedy because she can litigate her breach of contract claim in state court. *See Trianon Condominium Apartments Ass'n, Inc. v. QBE Ins. Corp.*, 2011 WL 664317, *3 (S.D. Fla. Feb. 23, 2011) (Snow, J.). Fourth, it is not necessary to litigate the fee dispute in order to protect the integrity of the underlying litigation or to ensure that its disposition was not frustrated. *Id.* at *3; *Hogben v. Wyndham Intern., Inc.*, 2007 WL 2225970, *6 (Aug. 1, 2007) (Torres, J.) ("resolution of this fee dispute is clearly not necessary to render complete justice to the parties and lawyers who appeared in this lawsuit").

In short, Diaz has not shown that the Court can exercise ancillary jurisdiction over the dispute, and therefore, the Court lacks jurisdiction to adjudicate Diaz's fee claim, regardless of its merit.

### 3. Conclusion

Accordingly, the Court **grants** the Plaintiff's motion to strike the charging lien (**ECF No. 32**) and orders as follows:

- The **Clerk** is directed to **strike** Ena T. Diaz's Notice of Charging Lien (**ECF No. 7**).
- The Court orders the **Clerk** to **close** this case because the parties have settled. (ECF No. 31).
- Any pending motions are denied as moot.
- The parties must submit a copy of the settlement agreement for the Court's approval by **December 12, 2019**. The parties must also submit either (1) a stipulation of dismissal, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii); or (2) a motion to dismiss consistent with Rule 41(a)(2) contemporaneously with the settlement agreement. Additional instructions regarding the contents of this submission are in the Court's prior order (ECF No. 33).
- The Court's ruling does not preclude Diaz from filing a state law claim for breach of contract in the appropriate forum.

**Done and ordered** in chambers, at Miami, Florida, on November 14, 2019.

_____
Robert N. Scola, Jr.
United States District Judge